McAdam, C. J.
—The plaintiff supplied water to the defendant from 1881, under yearly contracts. The price was §600 for 1884 and §600 for 1885. Mr. Stevens, the plaintiff’s witness, testified that he told Mr. Clarke, the defendant’s superintendent, that if the defendant didn’t set a meter he would charge §100 in excess of the last year, so that instead of the bill being $600, it would be $700 for 1886. Clarke denied that anything was said about taking the water for one year or any specified period, or about any increased price. Clarke was the new superintendent, and made Stevens’ acquaintance for the first time in March or April, 1886, so that there is nothing in Clarke’s testimony contradicting Stevens, that the arrangements prior to 1886 were yearly contracts. Such being the case, the law will imply, in the absence of evidence to the contrary, that the yearly arrangements were continued. Story on Contracts, §§ 934, 962c.; Wood on M. and S., § 96.
This is a mere presumption, but one which the defendant must overcome. It was not error, therefore, tó charge that “to relieve the defendant from responsibility for one year you must find that there was some agreement, or acquiescence in some agreement, by which the plaintiff agreed that the contract should be but for half a year instead of for one year.” The exception to this portion of the charge is the only exception of importance presented by the appeal. The other exception we deem without any legal significance, for it is' founded on a portion of the charge wherein the trial judge told the jury that if they believed the evidence offered by the plaintiff certain legal results followed, and these were correctly stated. The trial judge submitted the theories of the respective parties to the jury, who adopted that held by the plaintiff and awarded it a verdict for the amount claimed, and interest. There was no request to *283 submit the specific question as to the increase of charge from $600 to $700, and no refusal to submit it. Taking the charge as a whole, it is fair and unobjectionable. We find no error requiring a new trial, and the judgment entered on the verdict must be affirmed, with .costs.
Nehrbas and Hall, JJ., concur.